UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. PFEIFFER, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01131-NONE-HBK<br><br>ORDER DENYING APPOINTMENT OF COUNSEL AND GRANTING MOTION FOR EXTENSION OF TIME<br><br>(Doc. Nos. 3, 10) |

　　　　Plaintiff Edward Thomas ("Thomas") is a state prisoner proceeding *pro se* on his civil rights complaint filed under 42 U.S.C. § 1983. Pending before the Court is Thomas' motion for appointment of counsel filed on August 14, 2020. (Doc. No. 3). Also pending, is Thomas' second motion requesting a second sixty (60) day extension of time to file objections to the court's September 1, 2020, Report and Recommendations (Doc. 6) to deny Thomas's motions to proceed *in forma pauperis* due to his three-strike status. (Doc. No. 10).

　　　　1.　Appointment of Counsel

　　　　The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this Court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people

unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181.  The court may consider many factors including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved, to determine if exceptional circumstances warrant appointment of counsel.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Here, the court does not find exceptional circumstances to warrant appointment of counsel for Plaintiff.  Although Thomas is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face.

2. <u>Second Extension of Time</u>

On September 1, 2020, the court issued its Findings and Recommendations to Deny Motions to Proceed *In Forma Pauperis* and Require Payment of Filing Fee in Full Within Twenty-One Days (Doc. No. 6, "F&R")  and afforded Thomas fourteen (14) days to file any objections to the F&R.  (*Id*. at 3).  Thomas timely moved for a sixty (60) day extension to file any objections. (Doc. No. 7). On September 23, 2020, the court granted Thomas' motion and made clear "[n]o further extensions shall be granted absent extraordinary circumstances."  (Doc. No. 8).  Thomas now moves in his 54-page motion an additional sixty (60) day extension of time to file objections to the F&R.  (*See generally* Doc No. 10).  Despite the voluminous nature of the motion, Thomas fails to show extraordinary circumstances to merit extending his objection period for an additional 60 days.  Thomas claims he has been relocated multiple times between different prisons and that he has been placed in isolation in order to combat the spread of COVID.  (*Id*. at 2-4).  As a result of these moves and isolation, Thomas claims has been unable to access personal and legal documents necessary to make his case, and that some of his personal effects were seized and never returned.  (*Id.* pp. 3-6). Plaintiff argues these actions are germane to his original claims because it shows the punitive nature of the prison officials.  (*Id*.).

2

These allegations, however, have no bearing on Thomas' ability to respond to the F&R that was limited to the issue of whether Plaintiff was subject to the three strikes bar of 28 U.S.C. § 1915(g). That he has been moved or does not have unfettered access to his legal papers does not prohibit Thomas from showing why he should be exempt from § 1915(g). Thus, the court will only grant Thomas an additional fourteen (14) days to file his objections, if any, to the F&R.

**Accordingly:**

1. Plaintiff's Motion for Appointment of Counsel (Doc. No. 3) is **DENIED**.

2. Plaintiff's second Motion for Extension of Time (Doc. 10) is **GRANTED to the limited extent** Plaintiff is afforded **fourteen (14) days** from the date of service of this Order to deliver to correctional officials for mailing his objections to the F&R. After that time, the court will deem the F&R ripe for review based upon the record before the court.

IT IS SO ORDERED.

Dated:   December 28, 2020

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3.