UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD N. THOMAS, | No. 1:20-cv-01131-NONE-HBK (PC) |
| Plaintiff, | <u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART</u> |
| v., | (Doc. No. 6) |
| CHRISTIAN PFEIFFER, et al., | |
| Defendants. | |

Plaintiff Edward N. Thomas is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed an application on August 31, 2020 to proceed *in forma pauperis*. (Doc. No. 4). On September 1, 2020, the assigned magistrate judge issued findings and recommendations finding that plaintiff had "three or more actions dismissed as frivolous, as malicious, or for failing to state a claim upon which relief maybe granted" and had not alleged imminent danger, and thus recommending plaintiff's application to proceed *in forma pauperis* be denied. (Doc. No. 6 at 1-2). The assigned magistrate judge further recommended that upon adoption of the findings and

/////

/////

1

recommendations plaintiff be given 21 days to pay the required $400 filing fee,[1] with plaintiff's failure to do so constituting cause for dismissal of this action without prejudice. (*Id.* at 2).

Plaintiff was given fourteen days to object to the findings and recommendations. (*Id.* at 2-3). After the granting of two extensions of time to do so (Doc. Nos. 7,11), plaintiff filed his objections to the findings and recommendations. (Doc. No. 12.).

The crux of plaintiff's first objection is that he has alleged he is in imminent danger of serious physical injury and should therefore be allowed to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). Plaintiff's complaint alleges that he was severely beaten by prison officials and that certain officials subsequently wrote false rule-violation reports against him. (Doc. No. 1.) Plaintiff alleges that this is the third time he has been beaten in a one-year period. (*Id.* at 2-3.) Although "a prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception," *Andrews v. Cervantes*, 493 F.3d 1047, 1056–57 (9th Cir. 2007), such factual allegations must be specific, *see id.* at 1056 (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).

Plaintiff asserts that the allegations of excessive force contained in his complaint "are the continuation of the events stated within plaintiff[']s previous filing," which the court assumes to be a reference to the complaint filed by plaintiff in 1:19-cv-01501-AWI-JDP (PC). (Doc. No. 1 at 2.) Plaintiff further alleges in this action that he was previously "beaten, assaulted and battered on" September 16, 2019 and December 16, 2019. (*Id.*)

The previous complaint plaintiff refers to was filed on October 23, 2019, thus nearly two months before one of the two alleged earlier assaults. One allegation in that complaint is that Castillo, a prison official, caused plaintiff to spread his legs further than was comfortable during a search and Anderson, a different prison official, threatened plaintiff with force if he moved during the search. (*Thomas v. Pfeiffer*, 1:19-cv-01501-AWI-JDP (PC), Doc. No. 1 at 14-15.) The force alleged in the instant complaint does not appear to concern either Castillo or Anderson, nor can

---

[1] After the findings and recommendations were entered, the filing fee increased to $402. Thus, plaintiff will be required to pay $402 to proceed with this action.

the court conclude that the excessive force alleged therein is part of a pattern related to the excessive use of force claims asserted in plaintiff's earlier complaint filed in another action brought by him in this court. Thus, plaintiff's argument that the alleged assault in this case is a continuation of assaults alleged in his earlier case does not establish an imminent threat of serious physical injury for purposes of 28 U.S.C. § 1915(g).

A possible separate basis for finding that plaintiff qualifies under the imminent danger exception is plaintiff's allegation in his complaint in this case that defendant R. Dyer warned plaintiff against filing a complaint as to defendant Dyer's use of force. Plaintiff alleges that after he stated he wanted to file such a complaint, defendant Dyer responded, "Well you might not want to do that. In fact, if I were you, I'd reconsider that request to file a use of force complaint, because that would change the whole parameter of this incident-situation," and that defendant Dyer would then "take and place [plaintiff] in ad-seg . . . and [plaintiff] would then be written-up (sic) for assault and batter[y]," which in turn would affect plaintiff's pending transfer request. (Doc. No. 1 at 14-15.) These allegations, however, do not support an imminent danger of serious physical injury finding. Although plaintiff alleges that defendant Dyer threatened to retaliate against him for filing a complaint, he did not allege that defendant Dyer threatened *serious physical injury* as part of the retaliation.

Plaintiff's objections thus do not provide further specific factual allegations that would permit a finding of imminent danger either. (*See* Doc. No. 12.)[2]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes the findings and recommendations are supported by the record and by a proper analysis.

Accordingly,

1. The findings and recommendations issued on September 1, 2020, (Doc. No. 6), are ADOPTED but for the change in the required filing fee;

---

[2] The remainder of plaintiff's objections concern whether the previously assigned magistrate judge was biased against plaintiff or exceeded his jurisdiction.

3

2. Plaintiff is required to pay the $402 filing fee in full within 21 days of this order;

3. If plaintiff fails to pay the $402 filing fee in full within 21 days of this order, all pending motions will be terminated and this action will be dismissed without prejudice; and

4. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: __May 20, 2021__   _____
UNITED STATES DISTRICT JUDGE

4