UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD N. THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN PFEIFFER, et al.,<br><br>Defendants. | Case No. 1:20-cv-01131-NONE-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL<br><br>(Doc. No. 13) |

Plaintiff Edward N. Thomas is a state prisoner proceeding *pro se* in this civil rights case pursuant to 28 U.S.C. § 1983. On January 22, 2021, Plaintiff moved to recuse Magistrate Judge Jeremy D. Peterson. (Doc. No. 13). Judge Peterson had previously been assigned to this case before it was reassigned to the undersigned on November 17, 2020. (Doc. No. 9).

Federal law provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge "has a personal bias or prejudice concerning a party," "personal knowledge of disputed evidentiary facts concerning the proceeding," where "in private practice he served as lawyer in the matter in controversy," or "has been a material witness concerning it," recusal is warranted. A judge's decision to recuse hinges on "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Blye v. Kozinski*, 466 F. App'x 650, 651 (9th Cir. 2012). When

a case is reassigned from a judge for whom recusal is sought, that motion should be denied as moot. *Thomas v. Pfeiffer*, No. 1:19-CV-1501 AWI HBK, 2020 WL 7042806, at *1 (E.D. Cal. Dec. 1, 2020).

Plaintiff asserts that Judge Peterson should recuse because he allegedly minimized and mocked plaintiff and made factual misstatements while screening plaintiff's complaint in the unrelated matter 1:19-cv-01501-AWI-HBK. (Doc. No. 13 at 1-3). In reviewing Judge Peterson's screening order in that case, which recommended that plaintiff be denied *in forma pauperis* status, the court finds no evidence of impropriety. (1:19-cv-01501-AWI-HBK, Doc. No. 4). The district judge fully adopted those findings and recommendations. (1:19-cv-01501-AWI-HBK, Doc. No. 9). That Judge Peterson previously ruled against plaintiff in an unrelated case is not grounds for recusal because "prior adverse rulings do not constitute sufficient cause to recuse." *Aston v. United States*, 162 F.3d 1167 (9th Cir. 1998) (citing *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986)). Plaintiff's disagreement with the court's rulings is therefore an insufficient foundation for seeking recusal.

Plaintiff has provided the court no legitimate reason to question Judge Peterson's impartiality and thus no basis to order his recusal. The recusal motion should further be denied because Judge Peterson is no longer assigned to this case. *Sugarman v. United States*, No. CR-F-95-5018 REC, 2006 WL 1761452, at *1 n. 1 (E.D. Cal. June 27, 2006).

Accordingly, it is **ORDERED**:

Plaintiff's Motion for Recusal (Doc. No. 13) is DENIED.

IT IS SO ORDERED.

Dated: May 24, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2